# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LATISHA COTTMAN,**

    **Plaintiff,**

    v.

**DUNBAR ARMORED, INC.,**
*et al.*,

    **Defendants.**

Case No. 2:19-cv-5450
Judge Michael H. Watson
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff LaTisha Cottman, an Ohio resident proceeding without the assistance of counsel, has requested leave to proceed *in forma pauperis* with this action. (ECF No. 1.) The motion is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

---

[1]Formerly 28 U.S.C. § 1915(d).

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at \*2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

Plaintiff names as Defendants Dunbar Armored, Inc. ("Dunbar") and "Brinks," asserting claims for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and violations of her rights under Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104–191, 110 Stat. 1936 (1996). (ECF No. 1-1 at PAGEID ## 5–6.) Plaintiff identifies as discriminatory conduct the "[t]ermination of my employment[,]" "[u]nequal terms and conditions of my employment[,]" and that "Dunbar Manager at City Gate has unequal work partcices [sic]." (*Id*. at PAGEID # 7.) Plaintiff alleges that the discriminatory acts occurred on "Nov19 [sic], 2018 – 11-15-18 -All from June 11, 2018" and that Defendants "are still committing these acts against me." (*Id*.) Plaintiff further alleges that Defendants discriminated against her on the basis of her race, color, gender/sex, disability or perceived disability, and, apparently, age,[1] specifically alleging as follows:

> My eyes were hurt on work duty. Was Harassed about it by my Manager. Was asked many times to stop calling me names to which he did not. He Also showed pictures of my face to his staff.

(*Id*. at PAGEID ## 7–8.) Plaintiff identifies the facts of her case in their entirety as follows: "Nov 2018 . . . Before I was Unjustly get [sic] go." (*Id*. at PAGEID # 8.) When identifying her requested relief, Plaintiff states as follows:

> I was taken from my work hours from 50 to 60 hours per week. An [sic] was only give 25 or less per week. To which I could not pay my bills at home. I could not sleep at night thinking about my child. I lost my home of 10 years because of Dunbar. I have to take pills from my Doctor due to high stress and nerves and anxiety. I was not given unemployment due to the fact that Dubar [sic] lied on my hiring as well to the EEOC. So I lost my home and had nothing. Also my eyes have not been the same since he changed my rout [sic] and I cought [sic] pink eye from the Columbus Schools.

---

[1] Plaintiff does not check the box reflecting discrimination on the basis of age (*see id*.) but on the next page, she answers a question to be answered only by those litigants asserting a claim of age discrimination (*see id*. at PAGEID # 8).

(*Id*. at PAGEID # 9.)  Plaintiff alleges that she filed her charge with the Equal Employment Opportunity Commission ("EEOC") on November 13, 2018, and received a Notice of Right to Sue letter on September 21, 2019.  (*Id*.; *see also* ECF No. 1-2 (copies of Notices of Right to Sue, reflecting, *inter alia*, that the EEOC is terminating its processing of Plaintiff's charges).)

Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like."  *Univ. of Texas Sw. Med. Ctr. v. Nassar*, __U.S. __, 133 S. Ct. 2517, 2523 (2013) (citing 42 U.S.C. § 2000e–2(a)).  In *Swierkiewicz v. Sorema N.A*., 534 U.S. 506 (2002), the United States Supreme Court held that in the discrimination context, a *prima facie* case under M*cDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), "is an evidentiary standard, not a pleading requirement" and that "the ordinary rules for assessing the sufficiency of a complaint apply."  *Id*. at 510.  The Court must therefore apply the "plausibility standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions."  *Keys v. Humana, Inc*., 684 F.3d 605, 610 (6th Cir. 2012) (citations omitted).

Applying the foregoing authority here, the undersigned concludes that Plaintiff has failed to allege facts from which this Court could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants are liable for violating Title VII.  In order to show a *prima facie* case of wrongful termination under Title VII, Plaintiff must establish that she was a member of a protected class, she was qualified for the position involved, she was terminated from employment, and she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside the protected class.  *Neview v. D.O.C. Optics Corp*., 382 F. App'x 451, 459 (6th Cir. 2010).  Plaintiff, however, has not alleged that she was a member of a protected class and she offers no allegations in her Complaint upon which the

Court could draw the inference that she personally had been terminated because of her membership in a protected class or that she was replaced by a person outside the protected class or that she was treated less favorably than a similarly situated individual outside the protected class. Accordingly, Plaintiff has failed to state a federal claim for wrongful termination. *See Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (upholding trial court's dismissal of employment discrimination pursuant to Rule 12(b)(6) where the plaintiff had failed to "plausibly show that the . . . adverse employment decision . . . was a result of discrimination based upon his race or his gender," explaining that the "Court is not required to accept the inferences drawn by [the] [p]laintiff"); *see Keys*, 684 F.3d at 610 (stating that the plausibility standard "applies to causation in discrimination claims").

To the extent that Plaintiff intends to assert a claim for hostile work environment, that claim is similarly unavailing because she has failed to allege any of the elements of a prima facie case of such a claim.

> To establish a prima facie case of a hostile work environment, a plaintiff must demonstrate that (1) she is a member of a protected class, (2) she was subjected to harassment, either through words or actions, based on her membership in the protected class, (3) the harassment had the effect of unreasonably interfering with her work performance and creating an objectively intimidating, hostile, or offensive work environment, and (4) there exists some basis for liability on the part of the employer.

*Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744, 757 (S.D. Ohio 2018) (citing *Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008)). In short, although Plaintiff alludes to discrimination on the bases of her race, color, gender, and disability, she has alleged no facts to support a claim for discrimination on those bases.

In addition, Plaintiff fails to state a claim under HIPAA because there is no private right of action under HIPAA. *Crockett v. Core Civic*, No. 3:17-cv-00746, 2017 WL 3888352, at *4

(M.D. Tenn. Sept. 5, 2017) ("Federal '[c]ourts have repeatedly held that HIPAA does not create a private right' and 'cannot be privately enforced . . . via § 1983.'") (citations omitted); *Bonds v. Univ. of Cincinnati Med. Ctr.*, No. 1:15-cv-641, 2016 WL 6893846, at *3 (S.D. Ohio Nov. 23, 2016) ("However, plaintiff has no private cause of action under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104–191, 110 Stat. 1936 (1996) (codified as amended in scattered sections of 18, 26, 29, 42 U.S.C.)[.]") (citations omitted); *Robinette v. Lazzerini*, No. 5:15-cv-2726, 2016 WL 931061, at *2 (N.D. Ohio Mar. 11, 2016) ("HIPAA, however, does not afford individuals a private right of action. Rather, penalties for HIPAA violations are imposed by the Secretary of Health and Human Services.") (citations omitted); *Cottman v. Horizon Healcare*, No. 1:15–cv–68, 2015 WL 959913, at *3 (S.D. Ohio Mar. 4, 2015) (adopting recommendation to dismiss action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) that concluded, *inter alia*, "this Court lacks jurisdiction because there is no private right of action under HIPPA") (citations omitted).

While Plaintiff asserts that she was discriminated against on the basis of her disability or perceived disability and alleges that her eyes were hurt while on work duty (*see* ECF No. 1-1 at PAGEID # 7), she alleges no facts giving rise to a claim of disability discrimination (*see generally id.*).

Finally, to the extent Plaintiff's Complaint can be construed to attempt to assert a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, that claim is also unavailing because she alleges no facts to support that claim. *See*, *e.g.*, *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 553 (6th Cir. 2008) (stating that a plaintiff must show the following in order to prevail on a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*: "(1) she was 'disabled' under the ADA; (2) she was

otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations; (3) she suffered an adverse employment action; (4) the employer knew or had reason to know of the plaintiff's disability; and (5) a nondisabled person replaced her") (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)).

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and, therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

In light of this posture, the deadline for any Defendant to respond to the Complaint is **SUSPENDED** pending the presiding District Judge's final ruling on this Report and Recommendation.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: January 6, 2020 　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE